## STATE, ex rel., ACME AUTO RADIATOR COMPANY, Relator, v. BURKE et, Respondents.

Common Pleas Court, Cuyahoga County.

No. 635737. Decided October 16, 1952.

Morley, Stickle, Keeley & Murphy, Andrew Pangrace, Cleveland, for relator.

Joseph H. Crowley, Director of Law, Joseph H. Smith, Cleveland, for respondents.

## OPINION

By LYBARGER, J.

This is an action in mandamus brought on the information of Acme Auto Radiator Co., against certain officials and the City of Cleveland, (hereinafter called "City"). Acme alleges in its amended petition that it is a taxpayer, and that a contract for services and material required for repairing auto radiators for the Department of Public Service of the City was awarded to another company and not to Acme which was the lowest responsible bidder. It alleges that the awarding of the contract, under an "arbitrary, artificial and inaccurate method of evaluating bids," was "arbitrary, capricious, a gross abuse of discretion and was illegal."

To the amended petition the City demurs on the grounds that (1) Acme does not have legal capacity to sue, and (2) the petition does not state facts sufficient to constitute a cause of action. The City does not question that Acme was a responsible bidder and that the form of its bid was in good order. This presents for decision the question of whether or not a taxpayer, who is also an unsuccessful bidder, may by mandamus challenge the awarding of a contract on the ground of abuse of discretion.

Sec. 12287 GC, makes it clear that "the person bringing an action in mandamus must be a party beneficially interested in the relief sought." In **State, ex rel Brophy v. City of Cleveland, 141 Oh St,** at **page 521, 26 O. O.** at **page 88,** the court said:

"Where no legal right of a person can be affected by the failure of public officials to act in any given matter, he has no such beneficial interest as will permit him to maintain an action in mandamus against them to require official action in such matter."

In State ex rel Brophy the relator was neither a resident nor taxpayer of the respondent city. He was acting merely as agent for others and had no pecuniary interest in the outcome of the action.

The Supreme Court in the case of **State, ex rel. Stanley v. Cook, 146 Oh St, 348, 32 O. O. 419** summed up the law in Syllabus 2 as follows:

"In the absence of a showing that the relator has a beneficial interest, either as an individual, **taxpayer,** or as a

citizen, in obtaining a peremptory writ of mandamus, such writ will not be granted."

Whether or not an unsuccessful bidder, merely as such, has such a beneficial interest as to enable him to demand relief by mandamus is a moot question which, in view of Acme's pleading in the amended petition, this court is not called on to decide. Acme states it is a **taxpayer** in the City of Cleveland, and by this allegation indicates that suit is now brought in its capacity of taxpayer. Obviously a taxpayer is beneficially interested in having bids awarded to the lowest responsible bidder since money thus saved inures to the benefit of the city treasury and therefore to taxpayers. The cases are numerous which indicate the right of a person as a taxpayer to ask for mandamus, and they do not prescribe any manner in which such capacity must be alleged or described in the relator's petition.

The court holds that since Acme in its amended petition has indicated that it brings suit as a taxpayer in the respondent city, it has legal capacity to sue for a writ of mandamus.

Does the petition state facts sufficient to constitute a cause of action?

The Municipal Code of the City provides (Section 225) that:

"No purchase shall be awarded without the approval of the Board of Control, and only to the lowest responsible bidder."

This provision gives to the Board of Control discretion to examine and evaluate bids and then, in the **proper** exercise of its discretion, to award contracts. Now official discretion, properly exercised, cannot be **controlled** by mandamus. It hardly need be observed that courts will require that officers or boards put to use in a proper case the discretion with which they are vested; but courts will not prescribe what result they are to arrive at in so doing. **State, ex rel. Grenward v. Zangerle, 135 Oh St, 533, 14 O. O. 417; State, ex rel. Spratley v. Jones, 149 Oh St, 381, 37 O. O. 67.** "The **lawful discretion** vested in an individual, officer, or corporation cannot be destroyed, controlled, or limited by the writ of mandamus." **25 O. Jur., page 1003.**

At the same time the presence of fraud, bad faith, or **abuse of discretion** creates an exception to the rule just stated. State, ex rel. v. Zangerle, above cited. Where, in the exercise of discretion, an officer or board is guilty of a clear dereliction of duty the remedy of mandamus is available to correct the abuse. See the cases cited in **25 O. Jur., page 1006-7 note 13.**

Now in its amended petition Acme sets forth the conclusion

that the City in awarding the contract in question was guilty of "a gross abuse of discretion." It sustains this charge with allegations to the effect that the City grouped the automobiles to be serviced under the manufacturers' names. Vehicles in such groups varied from one in the smallest (there were 18 such groups) to 467 cars in the largest. There was considerable variance in the number of units in the groups and also in the cost of the services to be rendered. Acme alleges that in evaluating the bids the City merely computed the average cost of service and parts of one vehicle in each group, regardless of whether the group contained 467 vehicles or only one vehicle. Acme alleges that in spite of ·the fact that it was lowest bidder on 742 of the 987 sub-groups on which bids were taken, and that its total bid was $3750 less in the aggregate than that of the only other bidder, still it lost the contract due to the arbitrary, artificial and inaccurate manner in which the City computed the bids.

The court is of the opinion that the language used by Acme in the amended petition is adequate to cast doubt on the method used by the City in evaluating bids. In effect Acme says in its narration of the facts on which it bases the charge of abuse of discretion, that the City used an unusual and unfair yardstick in measuring bids, with a result that was detrimental to the taxpayers as well as to the low bidder. If this is true then Acme should have a right to test out the issue by suing for a writ of mandamus. It is not, however, for this court to pass on the merits of the claim. The court is of the opinion that the amended petition states facts sufficient to constitute a cause of action.·

The demurrer of the City is overruled. Respondents except.